YU JIN HUANG, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–6020–ag.

United States Court of Appeals,
Second Circuit.

July 10, 2007.

Yu Jin Huang, pro se, New York, NY, for Petitioner.

Sheldon J. Sperling, United States Attorney, Eastern District of Oklahoma, Cheryl R. Triplett, Assistant United States Attorney, Muskogee, OK, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Jin Huang, a native and citizen of China, seeks review of the October 13, 2005 order of the BIA affirming the June 15, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Huang,* No. 666 813 (B.I.A. Oct. 13, 2005), *aff'g* No. A79 666 813 (Immig. Ct. N.Y. City, June 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review legal questions, and the application of law to fact, *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ As an initial matter, we conclude that the IJ's adverse credibility determination was not supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). Of the three findings made by the IJ, two were not supported by the record evidence. First, while the IJ found that Huang failed to mention during her airport interview that her parents had been arrested, it is clear that Huang told the interviewing officer that her parents were "sentenced to jail." Given the slight distinction between being arrested and being sentenced to jail, it is plain that this finding was based on "a misstatement of the facts in the record," and therefore cannot stand. *Zhou Yun Zhang*, 386 F.3d at 74. Second, the IJ erroneously found that Huang's testimony that police arrested her parents to force her to surrender was inconsistent with her written statement and letters indicating that police arrested her parents because they believed that Huang and her parents were involved in Falun Gong. In making this finding, the IJ ignored Huang's other testimony that police were informed and consequently believed that she and her parents practiced Falun Gong. *See Tian–Yong Chen*, 359 F.3d at 128. Moreover, because the IJ articulated no reason why the police could not have been motivated by a combination of the factors to which Huang testified, there was "nothing incompatible about [Huang's] two statements." *You Hao Yang v. BIA*, 440 F.3d 72, 74–75 (2d Cir.2006). The IJ's third finding, while supported by the record evidence, was less than substantial when measured against the record as a whole. *See Secaida–Rosales*, 331 F.3d at 308–09. The IJ found that while Huang testified that she did not learn of her parents' arrest until after her arrival in the U.S., her written statement and letters in the record indicated that her aunt in-formed her of the arrest before she left China. This inconsistency was minor and isolated. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Moreover, based on this minor consistency alone, we cannot confidently predict that the agency would reach the same conclusion on remand regarding Huang's credibility absent the errors enumerated *supra*. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006).

■ Regarding the IJ's alternative conclusion that Huang failed to demonstrate a well-founded fear of future persecution, his reasoning was both flawed and inadequate. *See Cao He Lin*, 428 F.3d at 406. While police may have had some motivation to simply investigate the neighbor's collapse after the church service, it is clear from Huang's testimony, written statement, and her mother's and aunt's letters that police were *also* motivated to arrest Huang's parents, and to seek the arrest of Huang, on account of their perception of Huang and her parents as Falun Gong practitioners. *See Uwais v. U.S. Atty. Gen.*, 478 F.3d 513, 517 (2d Cir.2007); *Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir.1994). Furthermore, because there is no dispute that Falun Gong falls within one of the protected grounds for asylum, the IJ improperly concluded that it was a legitimate act of law enforcement for the police to arrest Huang's parents pursuant to a criminal investigation into whether the neighbor's collapse was linked to Falun Gong. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 115 (2d Cir.2005); *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005).

The IJ also improperly ignored the harm that occurred to Huang's parents while they were detained for their suspected support of Falun Gong. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.

2006); *In re A–E–M–*, 21 I. & N. Dec. 1157, 1160 (BIA 1998). These allegations were material to whether Huang had established "a slight, though discernible, chance of persecution" on account of her suspected involvement with Falun Gong, *Diallo*, 232 F.3d at 284, and were not " 'too insignificant to merit discussion,' " *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003) (citation omitted).

■ Finally, the IJ's finding regarding the lack of an arrest warrant was improper because Huang was not questioned about the absence of a warrant, and the IJ did not determine whether such a document would have been reasonably available to her. *See id.* at 153, 154 n. 17.

As the IJ ·failed to provide adequate reasoning to support his decision to deny relief, we vacate the agency's decision and remand for further consideration of Huang's claims.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).